UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALFIE SLONE
aka ALFIE SLOANE,

     **Plaintiff,**       **Case No. 2:22-cv-144**
               **Judge Michael H. Watson**
   **v.**          **Magistrate Judge Elizabeth P. Deavers**

MIKE DEWINE, et al.,

     **Defendants.**


**ORDER and REPORT AND RECOMMENDATION**

   Alfie Sloane,[1] an incarcerated person proceeding without the assistance of counsel, has filed a civil action pursuant to 42 U.S.C. § 1983.  He has named as defendants Ohio Governor Mike DeWine, Ohio Attorney General Dave Yost, Mahoning County Prosecutor Paul J. Gains, and "The County Prosecutor[s] of Each of Ohio's 88 Counties."  (ECF No. 1.)

   The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges. The matter is currently before the Court for consideration of Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 5)*,* and to conduct the initial screen of his Complaint (ECF No. 1) as required by law.  28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).  For the reasons that follow, the Undersigned **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis,* but

---

[1] The Complaint lists "Alfie Slone" as the plaintiff in the caption but is signed by "Alfie Sloane" (ECF No. 1, PageID 1, 5.)  The Application to Proceed *In Forma Pauperis* names "Alfie T. Sloane."  (ECF No. 5, PageID 21, 23.)  The Ohio Department of Rehabilitation & Correction's website shows an "Alfie Slone," (*viewed at* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A512471 (accessed April 21, 2021)), as do the reported state court decisions discussed herein.

**RECOMMENDS** that the Complaint be **DISMISSED** in its entirety for failure to state a claim on which relief can be granted.

I.     **Application to Proceed *In Forma Pauperis***

Upon consideration, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 5) is **GRANTED**.  It is **ORDERED** that Plaintiff be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Plaintiff is required to pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1914.  Plaintiff's Application, however, reflects that that he does not have sufficient funds available to pay the full filing fee at this time.  The custodian of Plaintiff's inmate trust account at the institution of his residence is therefore **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.  28 U.S.C. § 1915(b)(1).   If Plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed shall be collected from Plaintiff's account when such funds become available.  *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bring a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

Once the initial partial filing fee is paid, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account if, during that month, the balance of that account exceeds $10.00, until the full fee of $350 has been paid.  28 U.S.C. § 1915(b)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  If Plaintiff is transferred to another

2

institution, the current custodian should forward this Order to that institution so that the new custodian of Plaintiff's account can collect and remit the monthly partial payment.

Checks are to be made payable to "Clerk, U.S. District Court" and sent to:

Prisoner Accounts Receivable
Joseph P. Kinneary United States Courthouse
85 Marconi Boulevard, Room 121
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each remittance.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II. Initial Screening Standard

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is also proceeding *in forma pauperis*, the Court is required to conduct an initial screen of his Complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in a plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

3

662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient.  *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f)).  Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory.'"  *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). And, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

## III.    Claims in the Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, which allows for relief where a plaintiff proves "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law."  *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).  He raises two claims in his pro se Complaint.[2]  (ECF No. 1 (hereinafter cited as "Complaint")).  Both claims appear to

---

[2] The Complaint that instituted this matter is of record as ECF No. 1.  An apparently identical version of the Complaint is attached to the Application to Proceed *In Forma Pauperis* as ECF No. 5-1, except that this version is signed and dated differently.  The Undersigned considers the Complaint at ECF No. 1, dated December 30, 2021, as the operative complaint.

4

stem from the premise that parents or those with an "authoritative parental relationship" with

their victims face increased criminal penalties when convicted of rape of a person under the age

of thirteen.

In his first claim, Plaintiff asserts that the Mahoning County Prosecutor, Paul J. Gains,

"unconstitutionally charged [him] . . . with a violation of the general forcible rape statute of a

person less than thirteen years of age, pursuant to 2907.02(A)(1)(b), of the Ohio Revised Code."

(Complaint, ¶ 11.)  Plaintiff argues that Ohio Revised Code § 2907.02[3] is unconstitutional as

applied to him and other criminal defendants in that it violates the Separation of Powers and Due

Process Clauses of the United States and Ohio Constitutions.  (Complaint, ¶¶ 15, 19.)  He asserts

that the statute "irrationally imposes stricter penalties on persons based solely on their

authoritative parental relationship" with a victim, because the existence of such a relationship

relieves the state of its burden to show force or a threat of force.  (Complaint, ¶ 23.)

In his second claim, Plaintiff alleges that Defendants charged him and other persons

under the statute based on the existence of a parental relationship with the victim(s).  (Complaint,

¶ 25.)  He argues that the statute, as applied, violates their equal protection and due process rights

because the harsher punishment afforded to defendants in parental relationships with their

---

[3] The version of Ohio Revised Code 2907.02 in effect when the crimes were committed provided, in pertinent part:
2907.02 RAPE; EVIDENCE; MARRIAGE OR COHABITATION NOT DEFENSES TO RAPE CHARGES
(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
* * *
(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
* * *
(B) Whoever violates this section is guilty of rape, a felony of the first degree. * * * <u>If the offender under division (A)(1)(b) of this section purposely compels the victim to submit by force or threat of force</u>, whoever violates division (A)(1)(b) of this section <u>shall be imprisoned for life.</u>
*See State v. Sloane*, 7th Dist. Mahoning No. 06MA144, 2009-Ohio-1175, ¶¶ 20-25 (Mar. 10, 2009) (emphasis added).

victims is not being equally applied to other, similarly authoritative relationships.  (Complaint, ¶¶ 24-26, 29-30.)

> Plaintiff asks for the following relief:
>
> Plaintiff seeks permanent injunctive and declaratory relief against the defendants, in their official capacities, prohibiting the defendants from enforcing section 2907.02 of the Ohio Revised Code in criminal cases in which the accused is alleged to have parental authority over the victim, unless actual force or threat of force is proven to the judge or jury.
>
> Plaintiff request[s] permanent injunctive and declaratory judgment that Ohio Revised Code section 2907.02 is unconstitutional as applied to persons charged or convicted in cases where the existence of an authoritative parental relationship is the only evidence presented to prove the element of force.

(Complaint, ¶¶ 31-32.)

## IV.   Discussion

The Complaint should be dismissed in its entirety, for several overlapping reasons.   To the extent that Plaintiff is bringing claims on behalf of others, he lacks standing to do so.  To the extent he is bringing claims on his own behalf and challenging his conviction and sentence, such a claim must be raised in a habeas corpus action and is otherwise barred in a § 1983 action.  To the extent he is asking this Court to conduct appellate review and reverse state court decisions, his claims are barred by the *Rooker-Feldman* doctrine.  His claims are also barred by the two-year statute of limitations, and all of the Defendants are immune from suit.  Finally, Plaintiff fails to state a claim because the "facts" underlying his Complaint are actually legal conclusions, and they are incorrect.  These issues are discussed in turn below.

### A. *Plaintiff Cannot Raise Claims of Behalf of Others*

In his Complaint, Plaintiff alleges injury to himself, but also to others charged and/or convicted of forcible rape, and he seeks relief on their behalf.  (*See* Complaint, ¶ 3 ("This civil action is brought to challenge State law as unconstitutional in its application against plaintiff *and*

6

*other defendants . . .*"); ¶ 15 (the statute "is unconstitutional as applied to plaintiff, *and other defendants . . .*");  ¶ 22 (the statute "is therefore unconstitutional as applied to plaintiff, *and other defendants . . .*"); ¶ 25 ("The [D]efendants . . . charged plaintiff, *and other persons*, with the general forcible rape statute . . ."); ¶¶ 31-32 (requesting the relief quoted above "in criminal cases" and a declaration of unconstitutionality "as applied to persons . . .")) (emphases added).

While Plaintiff can arguably raise a claim about his own injuries (subject to the limitations discussed below), he lacks standing to raise claims on behalf of others.  *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014) (standing encompasses, among other things, "the general prohibition on a litigant's raising another person's legal rights") (citations omitted); *Corn v. Sparkman,* 82 F.3d 417, 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) (unpublished table decision) ("A prisoner cannot bring claims on behalf of other prisoners. A prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights.") (citation omitted).  More specifically, a prisoner does not have standing to bring a § 1983 claim on behalf of others.  *See Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011) (citing *Jones v. Caruso,* 569 F.3d 258, 276-77 (6th Cir. 2009)).

There is no indication in the Complaint that Plaintiff is a licensed attorney, and his name does not appear on the Supreme Court of Ohio's list of attorneys licensed to practice law in Ohio.  *See* Attorney Directory Search, *viewed at* https://www.supremecourt.ohio.gov/ AttorneySearch/#/search (accessed April 22, 2022).  Even if the other criminal defendants to whom he refers in his Complaint agreed, Plaintiff, as non-attorney, could not raise these claims on their behalf.  *See Bradley v. Mason*, 833 F. Supp. 2d 763, 768 (N.D. Ohio 2011) (non-attorney inmates "cannot represent the other inmates in court, even if those inmates consent to their representation.").

Thus, to the extent that Plaintiff attempts to raise claims on behalf of other unnamed criminal defendants or inmates, those claims and requests for relief should be dismissed. *See Williams-Bey v. Smith*, No. 1:20cv828, 2020 WL 1954140, at *1 (N.D. Ohio Apr. 23, 2020) ("to the extent the Plaintiff purports to represent a class or anyone other than himself, his Complaint must be dismissed."); *Marcum v. Jones*, No. 1:06cv108, 2006 WL 543714, at *1 (S.D. Ohio Mar. 3, 2006) (and cases cited therein) (holding that a pro se inmate "may bring his own claims to federal court without counsel, but not the claims of others"); *Garrison v. Michigan Dept. of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) ("a pro se litigant may represent himself on his own claims, but [he] may not act in a representative capacity," or represent a class of inmates in class action litigation). The Undersigned therefore **RECOMMENDS** that any claims Plaintiff has brought on behalf of others be **DISMISSED**, as he lacks standing and cannot state a claim on their behalf on which relief can be granted

The remainder of this Report and Recommendation concerns Plaintiff's alleged own injury and requests for relief on his own behalf: for injunctive relief prohibiting Defendants from enforcing Ohio Revised Code § 2907.02 against him, and for a declaration that the statute is unconstitutional as applied to him.

### B. *Plaintiff Cannot Challenge the Duration of his Sentence in a § 1983 Action*

According to the Complaint, Plaintiff was charged under Ohio Revised Code § 2907.02 with the forcible rape of a person less than thirteen years of age. (Complaint, ¶¶ 6, 11.) Upon conviction, his sentence was increased because of a statutory provision applicable where "the offender purposefully compels the other person to submit by force or threat of force." (Complaint, ¶ 13.) *See also State v. Sloane*, 7th Dist. Mahoning No. 06MA144, 2009-Ohio-1175, ¶ 2 (noting that Plaintiff "received a mandatory sentence of life imprisonment based upon

the jury's additional findings that he used force or the threat of force in committing the rape

crimes" against the minor victims).[4]

By seeking a declaration that the statute under which he was convicted and sentenced is

unconstitutional as applied to him, and by seeking an injunction prohibiting Defendants from

enforcing the statute against him (Complaint, ¶¶ 31-32), Plaintiff is challenging his conviction

and sentence. A challenge to the fact or duration of Plaintiff's criminal conviction must be

raised by a petition for a writ of habeas corpus. The United States Supreme Court has said that

"habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of

his confinement and seeks immediate or speedier release, even though such a claim may come

within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser

v. Rodriguez*, 411 U.S. 475, 488-90 (1973)); *see also Williams-Bey,* 2020 WL 1954140, at *2 ("It

is well-established that relief in a civil rights action is not available where a prisoner seeks

immediate or speedier release from his incarceration. . . . [T]o the extent the Plaintiff [does so],

his sole federal remedy is a petition for a writ of habeas corpus and he is not entitled to any relief

by way of a civil rights action under § 1983."). Here, to the extent Plaintiff is challenging his

*increased* sentence under Ohio Revised Code § 2907.02, he is seeking a *decreased* sentence; that

is, a speedier release from prison or a prison term of shorter duration. His sole remedy therefore

lies in habeas corpus. *Miller v. Ohio Dep't of Rehab. & Corr.*, No. 2:08cv00281, 2008 WL

4179442, at *1 (S.D. Ohio Sept. 10, 2008).

But Plaintiff cannot get habeas corpus relief in this civil rights case. As noted above,

Plaintiff filed a civil complaint under 42 U.S.C. § 1983 to institute this case. (ECF No. 1.) He

did not seek habeas corpus relief here by way of a petition for a writ of habeas corpus under 28

---

[4] This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Lets*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

U.S.C. § 2254.  *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court (describing the form and requirements for such a Petition).  Had he explicitly asked for a writ of habeas corpus claim in his Complaint, his claim would be subject to dismissal as not cognizable in a § 1983 action.  *See Adams v. Bradshaw*, 644 F.3d 481, 482 (6th Cir. 2011) (citing *Hill v. McDonough*, 547 U.S. 573, 579 (2006) and *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)) (challenges to the duration of confinement are subject to habeas corpus and are not cognizable when brought pursuant to § 1983).

Moreover, had Plaintiff filed a proper petition for habeas corpus under § 2254, he would face an additional set of hurdles.  Plaintiff has already sought, and been denied, habeas corpus relief.  *See Sloane v. Morgan*, No. 4:13cv2052 (N.D. Ohio Mar. 12, 2015) (dismissing petition as time-barred).  "Federal law generally gives habeas petitioners one shot to pursue their claims in federal court."  *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016).  "But after that, the road gets rockier.  To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements."  *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020) (citing 28 U.S.C. § 2244(b)(3)(C)).  Any "second or successive" petition here would require the authorization of the United States Court of Appeals for the Sixth Circuit.  And, had Plaintiff filed such a petition here, this Court would lack jurisdiction to consider it.  *Franklin v. Jenkins,* 839 F.3d 465, 475 (6th Cir. 2016); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); 28 U.S.C. § 1631.

Additionally, "[b]efore [a] prisoner can bring claims for an allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254." *Steele v. DeWine*, No. 1:13cv2408, 2014 WL 897001, at *3 (N.D. Ohio Mar. 6, 2014) (citing *Heck*, 512 U.S. at 486).

Absent such prior invalidation of the criminal conviction, "a state prisoner's § 1983 action is barred . . . —no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In this case, Plaintiff does not allege that his criminal conviction and sentence have been invalidated. To the extent that he seeks to undermine or demonstrate the invalidity of his conviction and sentence here, his attempt to do so through a § 1983 action is not cognizable and is barred. To the extent he might seek to do so through a habeas corpus action, this Court would lack jurisdiction. In any event, Plaintiff fails to state a claim under § 1983 to undermine his conviction or shorten the duration of his sentence. His claims to that end should be dismissed.

## C. *This Federal District Court Cannot Directly Review Decisions of the State Courts*

Plaintiff raised issues with respect to the "force or threat of force" provision of Ohio Revised Code § 2907.02 when he challenged his conviction and sentence in state court. *See State v. Sloane*, 7th Dist. Mahoning No. 06MA144, 2009-Ohio-1175, ¶¶ 52-81 (Mar. 10, 2009). The Ohio Court of Appeals for the Seventh District rejected his arguments, finding, among other things, that "the greater weight of the evidence established that Appellant used sufficient force with respect to both A.S. and B.G. to trigger the force specification in R.C. 2907.02(B)." *Sloane*, 2009-Ohio-1175, at ¶ 80. While not passing directly on the constitutional issues raised here, the state court relied on the case Plaintiff expressly challenges in his Complaint here:

In *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, the Ohio Supreme Court held that the force and violence necessary to commit the crime of rape depends upon the age, size and strength of the parties and their relation to each other. *Id.* at 58, 526 N.E.2d 304. The Court acknowledged that, "R.C. 2907.02(B) requires only minimal force or threat of force be used in the commission of a rape." *Id.*

However, where the abuse is committed by a parent, the same degree of force and violence is not required upon a child of tender years. *Id.* "[F]orce need not be overt and physically brutal, but can be subtle and psychological. As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established." *Id.* at 58-59, 526 N.E.2d 304, quoting *State v. Fowler* (1985), 27 Ohio App.3d 149, 154, 500 N.E.2d 390, 395.

*Sloane*, 2009-Ohio-1175, at ¶¶ 61-62. (*See* Complaint, ¶ 18 ("Ohio case law holds that the perpetrator's parental relationship to the victim may be proof of force when the victim is a child because the role of parent is an inherently authoritative one. *State v. Eskridge*, 38 Ohio St.3d 56, 526 N.E. 2d 304.")). The Supreme Court of Ohio declined further review of Plaintiff's case. *State v. Sloane*, 122 Ohio St. 3d 1457, 908 N.E.2d 947 (July 1, 2009).

Plaintiff's core dispute in this case appears to be with the Ohio appellate court's application of *Eskridge* and Ohio Revised Code § 2907.02 to the evidence in his criminal case. To the extent that his pro se Complaint is asking this Court to overturn or invalidate the decision(s) rejecting his direct appeal, his claims should be dismissed under the *Rooker-Feldman* doctrine. This doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

This District Court does not have jurisdiction to directly review state court judgments. *See Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) ("Federal district courts do not stand as

appellate courts for decisions of state courts.").[5]  Only the United States Supreme Court has jurisdiction to review a case litigated and decided in a state court.  28 U.S.C. § 1257; *Exxon Mobil,* 544 U.S. at 292 (federal courts' "authority to review a state court's judgment" is vested "solely in [the Supreme] Court.").  An attack on a state court judgment on constitutional grounds can fall within the *Rooker-Feldman* bar.  *See McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006) (quoting *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87-88 (2d Cir. 2005)) ("Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal. This he may not do, regardless of whether he raised any constitutional claims in state court, because only the Supreme Court may hear appeals from state-court judgments.").  A plaintiff does not avoid this jurisdictional problem "by couching his claims against the various defendants in terms of a civil rights action."  *Smith v. Lawrence Cnty. Sheriff's Dep't*, 84 F. App'x 562, 563 (6th Cir. 2003); *see also Hall*, 727 F.3d at 454 ("To the extent Plaintiffs seek a declaration that the Statute is unconstitutional as applied in the prior state court proceeding and relieving them from that judgment, the District Court correctly ruled that *Rooker-Feldman* bars their as-applied challenge to the Statute.").

---

[5] Collateral attack, rather than direct review, is permitted in habeas corpus cases, subject to the limitations discussed above and in that statute.  *See VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 407 (6th Cir. 2020) (Sutton, C.J., concurring) (discussing the roots of the *Rooker-Feldman* doctrine and noting that: "Just one federal statute to my knowledge empowers district courts to review final state court judgments, 28 U.S.C. § 2254(a), which allows federal habeas review of state prisoners' petitions for relief. Even that statute allows just collateral review, as opposed to direct review, of state court final judgments. That no other federal statute permits federal district courts to directly review state court judgments cements [28 U.S.C.] § 1257's implication that the U.S. Supreme Court normally is the exclusive route to appeal final state court judgments.").

To the extent Plaintiff seeks relief in this District Court from the state court judgment(s) convicting and sentencing him for forcible rape, his claims are also barred under the *Rooker-Feldman* doctrine and should be dismissed.

### D. ***The Prosecutor Defendants are Immune from Liability***

Plaintiff raises these claims against, among others, Prosecutor Gains and the "County Prosecutor of each of Ohio's 88 Counties" in his Complaint. (ECF No. 1, PageID 1.) However, prosecutors are "absolutely immune from liability" for actions that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citation and quotation marks omitted). There are some narrow exceptions to this immunity, *see id.* at 343, but nothing in the Complaint implicates them.

"The analytical key to prosecutorial immunity is whether the actions in question are those of an advocate." *Red Zone 12 LLC v. City of Columbus*, 758 F. App'x 508, 514 (6th Cir. 2019) (alteration, quotation marks, and citation omitted). In other words, if "the conduct was 'undertaken in connection with [his or her] duties in functioning as a prosecutor,'" a prosecutor is immune. *Red Zone,* 758 F. App'x 508 at 513 (quoting *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006)).

Here, Prosecutor Gains is sued because he charged Plaintiff with forcible rape and other crimes (Complaint, ¶¶ 10-11), and the other Prosecutor Defendants appear to be sued because they have charged, or could charge, other people with rape under Ohio Revised Code § 2907.02. (*See* Complaint, ¶ 10 ("Each of these 88 county prosecutors have the power and authority to charge criminal defendants in the name of the State of Ohio.").) The requests for relief likewise seek to prevent prosecution under the statute. (Complaint, ¶¶ 31-32.)

These actions are, definitionally, undertaken in connection with Gains' and the other Prosecutor Defendants' duties as prosecutors. Thus, these Defendants are absolutely immune from suit. All of the claims against Prosecutor Gains and the other Prosecutor Defendants should be dismissed.

### E. *The Eleventh Amendment Bars Claims Against the Governor and Attorney General*

Mike DeWine and Dave Yost are also named as Defendants here. (Complaint, PageID 1.) The body of the Complaint recites their respective titles and says only that they are public officials (Complaint, ¶¶ 7-9), which the Undersigned takes to mean that they are being sued in their official capacities. *See Vittetoe v. Blount Cnty., Tenn.*, 861 F. App'x 843, 851 (6th Cir. 2021) ("We assume that a government official is being sued in his official capacity, unless the pleadings provide notice that he is being sued individually."). (*See also* Complaint, ¶ 31 (some relief is sought against Defendants in their official capacities). While there are no other specific allegations in the Complaint against Governor DeWine and Attorney General Yost, "[u]nder Supreme Court precedent, [suing an appropriate state official is] the standard approach by which a party may obtain declaratory or injunctive relief with respect to a sovereign entity notwithstanding sovereign immunity." *Universal Life Church Monastery Storehouse v. Nabors*, 508 F. Supp. 3d 221, 241 (M.D. Tenn. 2020) (quoting *Vann v. U.S. Dep't of Interior*, 701 F.3d 927, 928 (D.C. Cir. 2012)).

The claims against Governor DeWine and Attorney General Yost are barred by the Eleventh Amendment to the Constitution of the United States. U.S. CONST. amend. XI. "The Eleventh Amendment 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments.'" *Sefa v. Kentucky,* 510 F. App'x. 435, 437 (6th Cir. 2013) (quoting *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 381

(6th Cir. 1993)).  The prohibition extends to suits against state officials sued in their official capacities because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  *Grinter v. Knight,* 532 F.3d 567, 572 (6th Cir. 2008) (quoting *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989)).  Because Governor DeWine and Attorney General Yost are state officials (Complaint, ¶¶ 7-9), "they are entitled to immunity under the Eleventh Amendment unless an exception applies."  *Doe v. DeWine*, 99 F. Supp. 3d 809, 816 (S.D. Ohio 2015).

"There are three exceptions to a State's sovereign immunity" under the Eleventh Amendment:  when Congress has abrogated it, when the State has consented to suit, or when the *Ex Parte Young* exception applies.  *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citing *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000) and *Ex parte Young,* 209 U.S. 123 (1908)).  The first two exceptions do not apply here, as "Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983." *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020).

Under the *Ex Parte Young* exception, "a federal court can issue prospective relief compelling a state official to comply with federal law because . . . federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights."  *Smith,* 476 F. Supp. 3d at 652 (quoting *Ball v. Kasich*, 244 F. Supp. 3d 662, 673 (S.D. Ohio 2017)) (internal quotation marks omitted).  "Under *Young,*

> 'individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action.'"

*Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1414 (6th Cir. 1996)

(quoting *Ex parte Young*, 209 U.S. at 155-156).

> "For the exception to apply, however, the officer named in the suit must have 'some connection with the enforcement of the act.' " [*Ball*, 244 F. Supp. 3d at 673] (citing *Ex parte Young*, 209 U.S. at 157, 28 S.Ct. 441); *see also Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1047 (6th Cir. 2015) ("*Young* does not reach state officials who lack a 'special relation to the particular statute' and '[are] not expressly directed to see to its enforcement.' " (quoting *Ex parte Young*, 209 U.S. at 157, 28 S.Ct. 441)). "In other words, '[t]he state official sued [ ] must have, by virtue of the office, some connection with the alleged unconstitutional act or conduct of which the plaintiff complains.' " *Id.* (citing *Floyd v. Cnty. of Kent*, 454 F. App'x 493, 499 (6th Cir. 2012)); *see also Children's Healthcare Is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996) ("General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." (citations omitted)). Absent such connection, "[g]eneral authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." *Id.* (citing *Russell*, 784 F.3d at 1048).

*Smith,* 476 F. Supp. 3d at 652.

Although prospective relief is ostensibly requested here,[6] the Complaint does not plead any connection between the Governor or Attorney General, and enforcement of Ohio Revised Code § 2907.02.  Instead, the Complaint alleges that the Prosecutor Defendants "have the power and authority to charge criminal defendants in the name of the State of Ohio," and more specifically with respect to Plaintiff, that Prosecutor Gains "charged Plaintiff . . . with a violation" of the statute.  (Complaint, ¶¶ 10, 11.)  The Complaint provides no link between the

---

[6] It is unclear precisely how this Court could grant prospective declaratory or injunctive relief to Plaintiff, who has already been charged and convicted under the statute, and whose conviction has become final.  *See Taniguchi v. United States*, 262 F. App'x 714, 715 (6th Cir. 2008) ("A defendant's conviction becomes final upon the expiration of the 90-day period in which he could have petitioned for certiorari to the Supreme Court."); *Agee v. Russell*, 92 Ohio St. 3d 540, 543, 751 N.E.2d 1043 (2001) (citing *Teague v. Lane*, 489 U.S. 288, 310 (1989)) ("a case becomes final when a judgment of conviction is entered, the availability of appeal is exhausted, and the time for a petition for certiorari has elapsed").  An injunction prohibiting Defendants from enforcing the statute against Plaintiff *prospectively* would make little sense unless Plaintiff is again facing allegations of forcible rape against a person under the age of thirteen.  Plaintiff instead, as indicated above, appears to seek *retroactive* relief undermining his past conviction and sentence, which would not trigger the *Ex Parte Young* exception.  *See Cooper*, 527 F.3d at 508 (citing *Quern v. Jordan*, 440 U.S. 332, 338 (1979)) ("The *Ex parte Young* exception does not . . . extend to any retroactive relief.").

Governor or Attorney General and the statute, and any "[g]eneral authority" they may have "to enforce the laws of the state is not sufficient to make [them] the proper parties to litigation challenging the law." *Children's Healthcare*, 92 F.3d at 1416 (quoting *1st Westco Corp. v. School Dist. of Philadelphia*, 6 F.3d 108, 113 (3d Cir. 1993)).

Further, the Complaint does not allege that either the Governor or the Attorney General has threatened to enforce the statute against Plaintiff. *See Children's Healthcare*, 92 F.3d at 1415 (citing *Sperry-Hutchinson Co. v. Kuhn*, 212 F. 555, 556 (E.D. Mich. 1912)) (which "declin[ed] to apply *Young* when an attorney general was not charged with enforcing a statute and had not threatened to enforce it."). Again, instead, the Complaint alleges that Prosecutor Gains has already enforced the statute against Plaintiff.

The Complaint therefore fails to adequately plead the *Ex Parte Young* exception to Eleventh Amendment Immunity. As no other exception applies, the Eleventh Amendment bars all claims against Governor DeWine and Attorney General Yost. These claims should be dismissed for this additional reason.

## F. *Violations of the Ohio Constitution Fail to State a § 1983 Claim*

Plaintiff alleges that the Defendants' actions violate the Ohio Constitution. (Complaint, ¶¶ 2, 19, 24, 25.) This allegation does not state a claim under § 1983, which requires a showing that the Plaintiff suffered "a deprivation of a right secured by the Constitution or laws of the United States." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.,* 542 F.3d 529, 534 (6th Cir. 2008). "[A] claimed violation of a *state* constitutional right is not cognizable under § 1983." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (emphasis added); *see also Williams v. Van Buren Twp.*, 925 F. Supp. 1231, 1237 (E.D. Mich. 1996) (citing *Harrill v. Blount Cnty., Tenn.*, 55 F.3d 1123 (6th Cir. 1995) ("Obviously, 42 U.S.C. § 1983 does not

provide a cause of action against a state official for a violation of state law.")  Any claim invoking the Ohio Constitution should also be dismissed.

### G. *The Premise Underlying Plaintiff's Claims is Legally Incorrect*

Plaintiff alleges that there is some unfairness in the statute (and the cases applying it) because the "force or threat of force" analysis applied to parental relationships is not applied equally to the "other authoritative relationships," and argues that those in parental relationships with their victims have been singled out for arbitrary disparate treatment by county prosecutors. (Complaint, ¶¶ 18-26, 29-30.)

Although pled as a factual allegation, this allegation is actually a legal conclusion, and it is incorrect.  The Supreme Court of Ohio extended the *Eskridge* "force or threat of force" analysis to other, non-parental relationships in *State v. Dye*, 82 Ohio St. 3d 323, 695 N.E.2d 763 (1998).  The state court that reviewed Plaintiff's direct appeal explicitly noted this extension. *See Sloane*, 2009-Ohio-1175, at ¶ 63 ("the Supreme Court broadened the application of the relaxed standard announced in *Eskridge* to include a person in a position of authority over the child. *State v. Dye* (1998), 82 Ohio St.3d 323, 695 N.E.2d 763, syllabus.").  Accordingly, courts—both state and federal—have applied the *Eskridge* analysis in several contexts outside the parent/child victim relationship.

In *El-Berri v. Miller*, for example, a habeas corpus action involving a conviction for rape of a 16-year-old victim by a man who was her employer and a family friend, the petitioner complained that *Eskridge* should *not* have been applied to him because he was not a parent. No.1:09cv1106, 2012 WL 1865409, at *5-7 (N.D. Ohio May 22, 2012).  The District Court rejected his argument, based on analysis from the Sixth Circuit Court of Appeals:

> Petitioner criticizes the Ohio appellate court's reliance upon *State v. Eskridge,* 38 Ohio St.3d 56, 526 N.E.2d 304 (1998), in upholding his conviction. ECF No. 18 at

19

2, 6. *Eskridge* discusses the issue of "force" in a parent-child relationship and holds that the perpetrator's parental relationship to the child victim may be proof of force because the role of parent is an inherently authoritative one. *Eskridge,* 38 Ohio St.3d at 59. Petitioner claims that the court's reliance upon the *Eskridge* force standard—"as long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established"—is misplaced because "[P]etitioner and the victim were not in any special relationship." ECF No. 18 at 9; *Id.* He contends that had the magistrate judge considered and applied other Ohio appellate court cases discussing the issue of force, then his conviction may have been reversed. ECF No. 18 at 5, 8–9.

The Sixth Circuit has held that <u>there is no indication that the *Eskridge* use of force language objected to by Petitioner is [limited] to the facts of that case.</u> *Pordash* [*v. Hudson*, 388 F. Appx 466, 468 (6th Cir. 2010)]; *see also* ECF No. 19 at 4-5. In addition to finding that psychological force is not limited to a parent-child relationship, the Sixth Circuit identified Ohio courts that have applied *Eskridge's* definition of "force" to situations involving adults.

> [I]n *State v. Rupp,* the defendant disputed a jury instruction that invoked this language in a rape case where the twenty-three-year-old victim stated that she had submitted to her rapist out of fear of retaliation if she resisted. 2007 WL 969069, at *6. The court stated that

>> Appellant's argument fails to distinguish between the finding of force or threat of force for cases of children raped by those in authority positions [*Eskridge*] ... and the mere ability of a jury to infer a threat of force in all cases where the victim's will is overcome by fear or duress ... if the defendant created the belief that physical force will be used in the absence of submission, then threat of force can be inferred. Nothing in the rape statute requires the threat of force to be direct or express. Thus, threat of force includes both explicit and implicit threats.

> *Id.* The court further stated that

>> moreover, <u>other appellate cases have unhesitatingly applied the law set forth in the disputed jury instruction here [the *Eskridge* force language] to cases where there was no position of authority over a child.</u> See, e.g., *State v. Pordash,* 9th Dist. No. 04CA8480, 2004-Ohio-6081 [2004 WL 2600461] (dealing with chiropractor raping patients); *State v. Worrell,* 10th Dist. No. 04AP-410, 2005-Ohio-1521 [2005 WL 736529] (dealing with husband raping wife).

> *Id.*

> Moreover, in *State v. Arias,* another case of adult rape, the court cited the *Eskridge* force language to reach its conclusion that "force may also be established by testimony that the victim's will was overcome by fear" and that the victim's "testimony regarding their fear of retaliation by defendant, if they did not engage in sexual conduct with him, is enough to establish force if believed by the trier of fact." No. 04CA008428, 2004 WL 1882631, at *7 (Ohio App.Ct. Aug. 25, 2004). Thus, it is clear that the Ohio courts have referred to the contested force language in *Eskridge* when establishing force in cases of adult rape.

> See Pordash, [388 F. App'x. at 468-469].

> Employing the Sixth Circuit's guidance, the Court finds that the appellate court reasonably applied *Eskridge* to the facts underlying Petitioner's conviction. The evidence that the appellate court reviewed is sufficient to support a conviction for rape under Ohio law. ECF 11, Exhibit 8 at ¶¶ 13-17.  . . .

> In applying the *Eskridge* force language, the State appellate court appropriately acknowledged Petitioner's role as the victim's employer and family friend, hence an authority figure, entrusted to drive the victim home in a snow storm. The victim's tender age and Petitioner's age—"fifteen years her senior"—cannot be overemphasized. Contrary to Petitioner's arguments, the appellate court reasonably applied the force standard.

*El-Berri*, 2012 WL 1865409, at *5-7 (emphasis added).

Here, Plaintiff bases his Complaint on the assertion that defendants in an authoritative parental relationship with their minor rape victims suffer increased criminal penalties. (Complaint, ¶¶ 23, 26.)  But this is a legal conclusion pled as a factual allegation, which this Court is not bound to accept.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts are "not bound to accept as true a legal conclusion couched as a factual allegation.").  Nor should this Court accept the assertion, as the Supreme Court of Ohio and the Sixth Circuit Court of Appeals have explicitly taken the contrary position and applied the same analysis to defendants other than those in a "parental relationship with the victim."  (Complaint, ¶ 22.)  *See Banks v. United States*, No. 2:16cv2275, 2020 WL 6785122, at *1 (W.D. Tenn. Nov. 18, 2020) ("A district court

'certainly lacks authority to overrule, reverse or otherwise "correct" a decision issued by the circuit court which has the power of appellate review over such district court . . . ."').

When these incorrect legal conclusions are set aside, the remainder of the Complaint fails to state a claim on which relief can be granted, and should be dismissed for this additional reason.

**H.** ***The Statute of Limitations Bars These Claims***

Regardless of the proper framework for raising these issues, the immunity of the defendants, or the merits of the claims, Plaintiff filed his Complaint too late.  The statute of limitations, or time limit, for bringing a § 1983 action is the state's general statute of limitations for personal injury claims.  *Owens v. Okure*, 488 U.S. 235, 236 (1989).  In Ohio, this statute of limitations is two years from when the claim accrued.  *See Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007); *Harris v. German Twp*., No. 3:19cv341, 2022 WL 866815, at *5 (S.D. Ohio Mar. 23, 2022).  "Such claims accrue when the plaintiff knows or has reason to know of the injury which is the basis of his action."  *Harris*, 2022 WL 866815, at *5 (citing *Cooey*, 479 F.3d at 416).

Plaintiff was initially indicted in 2002, and in 2006, the state filed a superseding indictment.  *State v. Sloane*, 7th Dist. Mahoning No. 06MA144, 2009-Ohio-1175, ¶¶ 11, 16 (Mar. 10, 2009).  Plaintiff was tried, convicted, and sentenced in 2006.  *Id.*; *see also* Mahoning County Common Pleas Court Case No. 2002 CR 00311, *viewed at* https://ecourts.mahoning countyoh.gov/eservices/home.page.2 (accessed April 26, 2022).  His conviction and sentence were affirmed in 2009.  *Sloane*, 2009-Ohio-1175, at ¶ 8.  In its March 10, 2009 Opinion, the state appellate court noted that Plaintiff "received a mandatory sentence of life imprisonment based

upon the jury's additional findings that he used force or the threat of force in committing the rape crimes." *Sloane*, 2009-Ohio-1175, at ¶ 2; *see also id*. at ¶¶ 19-26 (discussing which version of the statute applied, and the jury's verdict forms on force or threat of force).  Plaintiff raised assignments of error in his appeal related to the statutory provision and the "force or threat of force" required.  *Id*. at ¶¶ 52-81.

By at least 2006 (when he was sentenced) or 2009 (when his conviction was affirmed), Plaintiff knew or had reason to know of his alleged injury.  *Harris*, 2022 WL 866815, at *5.  He thus had two years in which to raise a § 1983 action, assuming, for the sake of argument, that such an action was proper.  Plaintiff's Complaint in this case, submitted on December 30, 2021, and filed on January 3, 2022, was filed far outside the two-year statute of limitations and is therefore barred.  For this additional reason, the Complaint should be dismissed.

V.      **Summary and Conclusion**

Plaintiff's application to proceed *in forma pauperis* is **GRANTED**.  However, the

Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's pro se Complaint in its

entirety, for several overlapping reasons.   To the extent that Plaintiff is bringing claims on

behalf of others, he lacks standing to do so.  To the extent he is bringing claims on his own

behalf and challenging his conviction and sentence, such a claim must be raised in a habeas

corpus action and is otherwise barred in a § 1983 action.  To the extent he is asking this Court to

conduct appellate review and reverse state court decisions, his claims are barred by the *Rooker-*

*Feldman* doctrine.  His claims are also barred by the two-year statute of limitations, and all

Defendants are immune from suit.  Finally, Plaintiff fails to state a claim because the "facts"

underlying his Complaint are actually legal conclusions, and they are incorrect.

The Undersigned further **RECOMMENDS** that the District Judge **CERTIFY** that any

appeal of an order adopting this Report and Recommendation would not be taken in good faith

and, on that basis, **DENY** Plaintiff leave to appeal *in forma pauperis*.  *See* 28 U.S.C. §

1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Finally, Plaintiff is reminded that he must keep this Court informed of his current address

and promptly file a notice of his new address if he is released or transferred to a different

institution.

**PROCEDURE ON OBJECTIONS TO REPORT AND RECOMMENDATION**

If any party objects to this Report and Recommendation, that party may, **within fourteen**

**(14) days** of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s).  A Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations

to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**


Date:  April 28, 2022                                      /s/ *Elizabeth A. Preston Deavers*_____
                                                          ELIZABETH A. PRESTON DEAVERS
                                                          UNITED STATES MAGISTRATE JUDGE